M-36

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
'08 AUG 22 AM 11:20
CLERK
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>              )<br>         Plaintiff,  )<br>              )<br>         v.  )<br>              )<br> **Ricardo MORGUTIA, Jr.**  )<br>              )<br>              )<br>         Defendant(s)  )<br>              ) | Magistrate Case No. **'08 MJ 2589**<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii)<br>Transportation of Illegal<br>Aliens |

The undersigned complainant, being duly sworn, states:

On or about **August 20, 2008**, within the Southern District of California, defendant **Ricardo MORGUTIA, Jr.** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Abigail BENITEZ-Reyes, Norma CONTRERAS-Rodriguez, and Ofelia CANTOR-Cortez** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **22nd** DAY OF **AUGUST, 2008**

_____
Barbara L. Major
UNITED STATES MAGISTRATE JUDGE

DOA 8/20/08

## PROBABLE CAUSE STATEMENT

Furthermore, the complainant states that **Abigail BENITEZ-Reyes, Norma Leticia CONTRERAS-Rodriguez,** and **Ofelia CANTOR-Cortez** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On August 20, 2008, at approximately 2:20 PM, Border Patrol Agent S. Sanner was performing anti-smuggling operations in the Campo Station area of responsibility. Agent Sanner was wearing civilian attire and driving an unmarked Border Patrol Surveillance vehicle when she observed a white Ford F-150 parked on the side of the westbound on-ramp to Interstate 8 at Buckman Springs Road near Pine Valley, California with its hazard lights on. The intersection of I-8 and Buckman Springs Road is twelve miles north and ten miles east of the Tecate, California Port of Entry.

Agent Sanner exited I-8 eastbound and then continued north on Buckman Springs Road. He parked just north of the westbound ramp to I-8, in order to observe the vehicle. Agent Sanner noticed that there was something in the bed of the vehicle being covered by a blanket. The driver of the vehicle, later identified as the defendant **Ricardo MORGUTIA, Jr.** then began to drive in reverse towards Buckman Springs Road before turning around and still continuing the wrong way down the ramp for approximately 250 feet. MORGUTIA entered I-8 eastbound and Agent Sanner followed the vehicle. Agent Sanner noticed the rear bumper was close to the surface of the road, leading Agent Sanner to believe that it was carrying a heavy load. Agent Sanner was able to see several individuals in the passenger compartment through the tinted windows. The vehicle slowed to approximately 55 miles per hour when the posted speed limit is 70 miles per hour. This technique is often used by smuggling vehicles as a method of counter-surveillance to see if they are being followed by law enforcement.

Agent Sanner relayed her observations to Agents in the area and requested a marked Border Patrol vehicle respond to the area to conduct a vehicle stop. Border Patrol Agent M. Saclarides, who was also driving an unmarked Border Patrol surveillance vehicle and Supervisiory Border Patrol Agent S. Gemeling, who was driving a marked Border Patrol vehicle, entered I-8 at Crestwood Road behind Agent Sanner and the suspect vehicle. Agent Saclarides pulled beside the vehicle and observed several subjects in the vehicle all sitting rigid and staring forward. At approximately 2:30 PM, Supervisor Gemeling took over the primary position behind the vehicle and conducted a vehicle stop in order to perform an immigration inspection of the vehicle's occupants. MORGUTIA yielded to Agent Gemeling's lights and pulled over.

All occupants remained in the vehicle and as Supervisor Gemeling and Agent Sanner approached the vehicle. They both observed MORGUTIA sitting in the driver's seat. Supervisor Gemeling approached the vehicle on the passenger's side, identified himself as a Border Patrol Agent and instructed MORGUTIA to turn off the vehicle and hand him the screw driver that was in the ignition. Supervisor Gemeling then approached the driver's side door and ordered the driver out of the vehicle after he and Agent Sanner observed several people hiding under a blanket in the bed of the truck.

**CONTINUATION OF COMPLAINT:**
**Ricardo MORGUTIA, Jr.**

Agent Gemeling questioned MORGUTIA as to his citizenship and MORGUTIA stated that he was a United States citizen. Agent Sanner identified herself as a Border Patrol Agent and began asking several subjects in the bed of the truck to state their citizenship and they admitted to being citizens and nationals of Mexico, without proper immigration documents to be in or remain in the United States legally. MORGUTIA was placed under arrest at approximately 2:35 PM for alien smuggling.

As other Agents arrived on scene as backup, a total of ten subjects were ordered out of the bed of the truck and six subjects were ordered out of the passenger cab of the vehicle. Agent Sanner and Border Patrol Agent G. Kessinger questioned each of the sixteen subjects individually as to their citizenship and immigration status. All freely stated that they were citizens and nationals of Mexico, without proper immigration documents to be in or remain in the United States legally. At approximately 3:00 p.m., MORGUTIA, the sixteen smuggled aliens were all transported to the Campo Station for processing.

## DEFENDANT STATEMENT:

**Ricardo MORGUTIA, Jr.** was advised of his Miranda rights and he was willing to make a statement without an attorney present. MORGUTIA stated that he was contacted by an acquaintance regarding this smuggling event via telephone. Both MORGUTIA and his acquaintance agreed to meet at Orange and Hilltop Drive to discuss the smuggling event. MORGUTIA was instructed at the meeting to drive Interstate 8 Eastbound until he reached Jacumba, CA. Once he reached Jacumba, a group of 18 illegal aliens would be waiting near the Interstate 8 off-ramp. MORGUTIA stated that the illegal aliens would know which vehicle was his since his acquaintance would relay the description of the Ford F-150 to a person in the group of illegal aliens. MORGUTIA would also signal the group by turning the Ford F-150's lights on and off. After MORGUTIA had loaded the group of illegal aliens he would then head west on Interstate 8 towards San Diego, CA. MORGUTIA would then be contacted, via cell phone, with the final destination of the illegal aliens. MORGUTIA agreed to be paid $ 2,400.00 U.S. dollars for transporting the group of illegal aliens.

## MATERIAL WITNESSES STATEMENTS:

Material Witnesses **Abigail BENITEZ-Reyes, Norma Leticia CONTRERAS-Rodriguez,** and **Ofelia CANTOR-Cortez** stated that they are citizens and nationals of Mexico illegally present in the United States. They stated that they did not have any immigration documents allowing them to be in the United States legally. They stated that arrangements had been made in Mexico to be smuggled into the United States. All the material witnesses stated that they were to pay approximately $2,300.00 to $2,800.00 U.S. dollars to be smuggled into the United States. All material witnesses were able to positively identify the defendant **Ricardo MORGUTIA, Jr.** as the load driver in a photographic line-up.